Michael J. Peffer, State Bar No. 192265
PACIFIC JUSTICE INSTITUTE
P.O. Box 11630
Santa Ana, CA 92711
Tel.:(714) 796-7150
Fax: (916) 550-9630
E-mail: mpeffer@pji.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. COLELLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RIDDICK, CEO; FENTON CHARTER PUBLIC SCHOOLS; SANTA MONICA BLVD. COMMUNITY CHARTER SCHOOLS, and DOES 1 to 100, inclusive.<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>[Demand for Jury Trial] |

## INTRODUCTION

The Plaintiff, TINA M. COLELLA, brings this action against DAVID

RIDDICK, CEO; FENTON CHARTER PUBLIC SCHOOLS; SANTA MONICA

BLVD. COMMUNITY CHARTER SCHOOLS ("Fenton"), a California Public

Charter School. Fenton Charter Public Schools, is a California entity registered as a

Nonprofit Public Benefit Corporation with the California Secretary of State. This

action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C.

§ 2000e et seq.) and the California Fair Employment and Housing Act, Cal. Govt. Code § 12900 et seq.

The gravamen of this Complaint is that Defendant refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because she asked for accommodation to her religious beliefs. Defendant knew or should have reasonably known that Ms. Colella held religious beliefs because she asserted them. Defendant nevertheless failed to accommodate and has placed Ms. Colella on endless unpaid leave, in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

1. This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

2. Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District. The location of the company where the alleged unlawful employment practices took place is within the Central District. This case is appropriate for assignment to the Western Division. The Defendant maintains significant operations within Los Angeles County, and the situs of the alleged unlawful employment practices took place at the Defendant's Los Angeles company location.

## PARTIES

### Plaintiff

3. At the time of her employment with Defendant, Ms. Colella resided in Los Angeles County and was an employee of Defendant Fenton. On September 20,

2022, Ms. Colella obtained a "Right to Sue" letter from the U. S. Equal Employment Opportunity Commission (EEOC). A true and correct copy of the Right to Sue letter serves as "Exhibit A" to this Complaint.

**Defendants**

4.  Upon information and belief, Fenton is a public charter school operating in Los Angeles, California, incorporated in California and authorized to do business in California. Its corporate headquarters is in Sun Valley, Los Angeles County, California. At the time of the events that gave rise to this Complaint, Fenton hired Plaintiff as a Special Day class teacher/Special education teacher at the Defendant's Sun Valley location, wherein she would be working at Defendant SANTA MONICA BLVD. COMMUNITY CHARTER SCHOOLS located in Los Angeles. At all times relevant herein, David Riddick was the CEO of Plaintiff's employer.

**STATEMENT OF FACTS**

5.  At all times relevant herein, TINA M. COLELLA was an employee of FENTON and worked her final position as Special Day Class teacher resided in Los Angeles, CA at the time of the events that gave rise to this Complaint. Ms. Colella began her employment with FENTON on September 14, 2021. Thereafter, Plaintiff has been on unpaid leave, up to the most recent extension on September 30, 2022. She held the position of Special Day class teacher/Special education teacher with FENTON.

6.  Ms. Colella is a devout follower of the Christian faith. Ms. Colella believes that her body belongs to God and is a temple of the Holy Spirit.

7.  Ms. Colella believes that it is against her religion to inject her body with possible harmful substances. This is paramount due to the usage of fetal cell lines derived from abortion being used in the development and/or manufacture of the vaccine.

8.  On August 19, 2021, FENTON announced they were requiring that their employees receive the COVID-19 vaccine by October 8, 2021. FENTON's written policy also informed the employees of their option to request a medical or religious exemption from the vaccine. A true and correct copy of the Inter-Office Correspondence announcing the mandate is attached hereto as Exhibit B.

9.  On October 6, 2021, Cary Rabinowitz, Director at Defendant Santa Monica Blvd. Community Charter School conducted a staff meeting via Zoom within the organization and stated that they are obtaining 100% vaccination rate from all employees and that normally they would accept religious exemptions, but they are now not. They also would not be providing any medical or religious accommodations. They stated it was because they received a letter from LAUSD on October 5, 2021 and they are unable to have any unvaccinated employees on LAUSD property because they rent the property from them.

10. On October 7, 2021, Ms. Colella advised the Director, Cary Rabinowitz, that she had previously filled out the Google form that was emailed to all employees indicating that she would be submitting a religious exemption; requesting accommodation, wherein Mr. Rabinowitz stated, they were not providing any accommodations.

11.  Ms. Colella was put on unpaid leave, for the first time, on October 7, 2021 starting October 18, 2021 through approximately November 16, 2021. Defendants continually renewed Ms. Colella's unpaid leave, to the extent that she has never returned to employment at FENTON. The last known extension of unpaid leave placed Plaintiff off through September 30, 2022.

12.  On October 8, 2021, Ms. Colella requested a religious exemption to accommodate her religiously held beliefs against the vaccine; yet, FENTON denied her request. Though not required to do so, Ms. Colella went to the trouble of having her pastor write a letter on her behalf advising of the details of her beliefs. Among

other things, this included the fact that fetal cell lines were used in the development and/or manufacture of the vaccines.

13. Ms. Colella strongly opposes abortion and refused to subject herself to any by-product of aborted tissue. She believes the biblical admonitions: 1 Thessalonians 5:22 guides us to "reject every form of evil" and Ephesians 5:11 warns to "have nothing to do with the fruitless deeds of darkness, but rather to expose them."

14. FENTON did not dispute that Ms. Colella demonstrated a sincere religious belief which conflicted with her receiving the COVID-19 vaccine. FENTON, however, concluded that Ms. Colella's request could not be accommodated because it would pose an undue hardship on the company. According to FENTON, the undue hardship would have involved including being in jeopardy with LAUSD, since they were using LAUSD property.

15. FENTON refused to explore any alternatives that might have been available to allow Ms. Colella to reasonably continue doing her job. Defendant refused to engage in any timely, interactive, meaningful, or good faith processes with Ms. Colella to accommodate her truly sincere religious beliefs; notwithstanding that Ms. Colella wrote to RIDDICK offering several alternatives. However, the decision had already been made, prior to having an interactive process discussion with Ms. Colella.

16. Ms. Colella, was deeply troubled by the company's ultimatum, and felt she was being forced to compromise her religious values just to work at FENTON. Notwithstanding FENTON's excuse that they could not accommodate due to being on LAUSD property, Ms. Colella discovered that FENTON was hiring a Resource Teacher in Sun Valley and posted the job on 10/12/21. Note that FENTON has 5 schools, and not all of them are on LAUSD property. This fact was never explored via an interactive process, or in any other way.

17.  Since being initially put on unpaid leave, FENTON has informed Ms. Colella that they were extending her unpaid leave. She has never been back to her employment at FENTON.

18.  FENTON's refusal to accommodate, or even explore accommodation of Ms. Colella's religious beliefs, was a substantial motivating factor in FENTON's decision to deprive Plaintiff of the employment she had just began on September 14, 2021.

19.  Ms. Colella's religious beliefs were a motivating factor in her being barred from her employment. The Defendant violated Plaintiff's state and federal rights under Title VII, and California Govt. Code § 12900 et seq. with malice or reckless indifference.

20.  Mr. Colella's income, including a sign-on bonus, and health, vision, and dental insurance, and teacher retirement benefits ceased immediately and unexpectedly after being put on unpaid leave, causing a financial hardship on her.

21.  On September 20, 2022, Ms. Colella obtained a "Right to Sue" letter from the U. S. Equal Employment Opportunity Commission (EEOC). A "Right to Sue" letter from either the EEOC or California Department of Fair Employment and Housing (DFEH) satisfies the requirements of both the EEOC and the DFEH.

**FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Termination and Retaliation based on Religion**
**Against Defendant**

22.  Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

23.  Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin.

24.   Ms. Colella was, at all times relevant herein, an employee and applicant covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion. Defendant was, at all times relevant herein, an employer for purposes of 42 U.S.C. § 2000e, et seq.

25.   Ms. Colella held deeply sincere religious objection to receiving the COVID-19 vaccine.

26.   Ms. Colella's accommodation request was denied.

27.   FENTON concluded that Ms. Colella demonstrated sincere religious beliefs which conflicted with receiving the COVID-19 vaccine. Yet FENTON refused to accommodate or even explore any alternatives that might have been available to accommodate Ms. Colella's religious beliefs.

28.   Ms. Colella's religious beliefs and practices were therefore a motivating factor in her termination.

29.   Ms. Colella suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

30.   FENTON intentionally violated Plaintiff's rights under Title VII with malice or reckless indifference.

31.   Ms. Colella is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated her rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]

32.  Ms. Colella is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Failure to Provide Religious Accommodation**
**Against Defendant**

33.  Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

34.  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

35.  Ms. Colella suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

36.  Defendant intentionally violated Ms. Colella's rights under Title VII with malice or reckless indifference.

37.  Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated her rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

38.  Plaintiff is entitled to further relief as set forth below in her Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act**
**(Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation**
**based on Religious Creed**
**Against Defendants**

39.  Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

40.  Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of the employee's religious creed.

41.  Ms. Colella was, at all times relevant herein, an employee for purposes of FEHA.

42.  Defendant was, at all times relevant herein, an employer for purposes of FEHA.

43.  Plaintiff was, at all times relevant herein, a member of a protected religious class.

44.  FEHA broadly defines religious creed to include all aspects of observance and practice.

45.  Defendant intentionally discriminated against Ms. Colella by making an adverse employment decision against her—by terminating her employment after having begun such a promising job.

46.  Defendant demonstrated discriminatory animus toward Plaintiff by taking away Plaintiff's employment and showing callous indifference toward her sincere religious beliefs. Defendant removed Plaintiff from her employment because of her religious creed. Defendant discriminated against the Plaintiff based on her religious beliefs.

47. Ms. Colella suffered damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

48. Defendant intentionally violated Ms. Colella's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

49.  Plaintiff is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

1

**FOURTH CAUSE OF ACTION**

2

3

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodation Against Defendant**

4

50.  Plaintiff hereby incorporates and realleges the preceding paragraphs as

5

though fully set forth herein.

6

51. Under FEHA, it is an unlawful employment practice for an employer to

7

terminate a person's employment because of a conflict between the person's

8

religious beliefs or observance and any employment requirement, unless the

9

employer demonstrates that it has explored all reasonable means of accommodation

10

of the religious beliefs or observance.

11

52. Plaintiff was a person and an employee of Defendant within the meaning of

12

FEHA.

13

53. Defendant was, at all times relevant herein, employer of Plaintiff for

14

purposes of FEHA.

15

54. Plaintiff is a devout believer in her Christian faith. Defendant was aware of

16

Plaintiff's sincerely held religious beliefs.

17

55. Plaintiff holds strong beliefs based on her understanding of the teachings the

18

Holy Bible, which prohibit her from participating in any way, in the abortion

19

industry. Moreover, Ms. Colella believes that the COVID-19 vaccine could be

20

harmful to her body.

21

56. Ms. Colella requested an accommodation from Defendant. Defendant denied

22

the request without any attempt to accommodate Ms. Colella's sincerely held

23

religious belief.

24

57. Ms. Colella notified her immediate supervisor that she would not be getting

25

vaccinated and that she could not compromise her religious convictions.

26

58. Defendant refused to explore available reasonable alternatives to allow Ms.

27

Colella to do her job. Defendant refused to engage in any timely, interactive,

28

1  meaningful, or good faith process with Plaintiff to accommodate her sincerely held
2  religious beliefs.

3  59.  Defendant's refusal to accommodate, or even explore any kind of
4  accommodation of Plaintiff's religious beliefs, was a substantial motivating factor
5  in Defendant's decision to deprive Plaintiff of the employment she had only begun
6  on September 14, 2021.

7  60.  Ms. Colella suffered significant damages because of Defendant's unlawful
8  discriminatory actions, including emotional distress, past and future lost wages and
9  benefits, and the costs of bringing this action.

10  61.  Defendant intentionally violated Ms. Colella's rights under FEHA with
11  malice or reckless indifference.

12  62.  Plaintiff is entitled to backpay, front pay, compensatory damages, punitive
13  damages, attorneys' fees, costs to bring suit, a declaration that Defendant violated
14  Plaintiff's rights under Title VII, and an injunction preventing Defendant from
15  enforcing their discriminatory policies.

16  63.  Plaintiff is entitled to further relief as more fully set forth below in her
17  Prayer for Relief.

18  ## PRAYER FOR RELIEF

19  WHEREFORE, MS. COLELLA respectfully prays this Court grant relief as
20  follows:

21  A.  Award Plaintiff backpay, including past loss of wages, sign-on bonus,
22  teacher's retirement, vision, dental, and medical benefits, plus interest;

23  B.  Award Plaintiff her front pay, including future wages and benefits;

24  C.  Award Plaintiff other and further compensatory damages in an amount
25  according to proof;

26  D.  Award Plaintiff noneconomic damages, including but not limited to
27  mental health suffrage;

28  E.  Award to Plaintiff her reasonable attorneys' fees and costs of suit;

1    F.  Award Plaintiff punitive damages;

2    G.  Enjoin Defendant from enforcing their discriminatory policies;

3    H.  Declare that Defendant has violated Title VII of the Civil Rights Act and

4    FEHA; and

5    I.  Grant Plaintiff such additional or alternative relief as the Court deems just

6    and proper.

7

8    Dated:  December 16, 2022                    /s/ Michael J. Peffer
9                                                 Michael J. Peffer
                                                  Pacific Justice Institute
10                                                *Attorneys for Plaintiff, Tina Colella*

11

12

13

14                          **<u>DEMAND FOR JURY TRIAL</u>**

15          Plaintiff demands a jury trial on all causes of action and claims to which he

16   has a right to a jury trial.

17                                               /s/ Michael J. Peffer
                                                 Michael J. Peffer
18                                               *Attorneys for Plaintiff, Tina Colella*

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT
OF 1964 [42 U.S.C. 2000e et seq.]

**<u>VERIFICATION</u>**

I, Tina Colella, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 16th day of December 2022, in the County of Los Angeles, State of California.

Tina Colella

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**<u>Exhibit A</u>**

28

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT
OF 1964 [42 U.S.C. 2000e et seq.]

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 20, 2022

Ms. Tina M. Colella
16750 Sherman Way
#104
Lake Balboa, CA  91406

Re:  EEOC Charge Against Santa Monica Blvd. Community Charter
       No. 480202200731

Dear Ms. Colella:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Los Angeles District Office, Los Angeles, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Kristen Clarke
                                        Assistant Attorney General
                                        Civil Rights Division

                        by        /s/ Karen L. Ferguson
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc: Los Angeles District Office, EEOC

Santa Monica Blvd. Community Charter

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 **<u>Exhibit B</u>**

28

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT
OF 1964 [42 U.S.C. 2000e et seq.]

# FENTON CHARTER PUBLIC SCHOOLS
## Inter-Office Correspondence

**TO:**      All Fenton Staff                               **DATE:**      August 19, 2021
Adults Working on Fenton Facilities

**FROM:**     David Riddick, Chief Executive Officer
Jason Gonzalez, Chief Operating Officer

**SUBJECT:**    **COVID-19 Vaccine Requirement for FCPS Employees and Other Adults Working on Fenton Facilities**

## BACKGROUND

Achieving a high vaccination rate has been identified by the Los Angeles Department of Public Health (LADPH) to lower the risk of infection and transmission of COVID-19 at a school site. High vaccination rates greatly decrease risk of severe illness, hospitalization and death in those who are fully vaccinated, and provide an additional layer of protection for those who are not currently eligible for vaccination (e.g., all students younger than 12 years of age).

The California Department of Public Health (CADPH) issued a Health Officer Order on August 11, 2021 requiring all school staff to either show proof of full vaccination or be tested at least once per week. The Los Angeles Department of Public Health (LADPH) urges all LEAs to adopt strategies that normalize, promote and facilitate COVID-19 vaccination for all eligible staff and students.

## ANALYSIS

The Fenton Charter Public Schools will obtain proof of full vaccination status for all employees and other adults working on Fenton facilities. **The deadline for submission is October 8, 2021.**

**Required Documentation**
Pursuant to the CDPH Guidance for Vaccine Records Guidelines & Standards, the following modes may be used as proof of vaccination:

1. COVID-19 Vaccination Record Card (issued by the Department of Health and Human Services Centers for Disease Control & Prevention or WHO Yellow Card) which includes name of person vaccinated, type of vaccine provided and date last dose administered); OR
2. Photo of a Vaccination Record Card as a separate document; OR
3. Photo of the client's Vaccination Record Card stored on a phone or electronic device; OR
4. Documentation of COVID-19 vaccination from a health care provider.

**Submission of Documentation**
**The requirement to submit documentation as evidence of full vaccination against COVID-19 will be due no later than October 8, 2021.**    Fenton staff have two ways to submit this information.

    1. **Staff with a Fenton email account** - Submit proof of vaccination via Google Survey "FCPS COVID-19 Vaccine Upload" - https://forms.gle/zQyFjxMs3Tbb2H2C7

    2. **Staff and Other Adults Without a Fenton Email** - Submit proof of vaccination via email to fentondocs@fentoncharter.net.

**<u>Reasonable Accommodation Application</u>**

Employees who serve FCPS in any capacity may apply to seek exemption from the COVID-19 vaccine requirements.  These employees would be required to participate in COVID-19 testing on a weekly basis.

- The employee submits a written statement from a licensed physician identifying a need for accommodation due to the person's disability or serious medical condition. This statement must be submitted on the employee's doctor's office letterhead with the doctor's printed name, license number, signature and date the statement is issued.
- The employee seeks accommodation based on a sincerely held religious belief.  Individuals will be required to submit this information to their Director in writing.